# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EARL WILLIAMS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV392 HEA |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Carol Williams's Motion to Appoint Counsel [ECF No. 4] and Plaintiff Earl Williams's (collectively, "Plaintiffs") Motion to Appoint Counsel [ECF No. 5]. Additionally, Defendant Bank of America ("Defendant") filed a Motion to Dismiss Case [ECF No. 15]. In response to Defendant's Motion to Dismiss, Plaintiffs filed a "Motion Pleading Elements for Relief" [ECF No. 19]. Based on the content of Plaintiffs' motion, the Court will construe it as an Opposition to Defendant's Motion to Dismiss.

*Plaintiffs' Motions to Appoint Counsel*

The Court notes that there is no constitutional or statutory right to the appointment of counsel in a civil case. *Phillips v. Jasper County Jail* 437 F.3d 791, 794 -795 (8th Cir. 2006). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the

ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiffs allege violations of Title VIII of the Civil Rights Act of 1968, Title VI of the Civil Rights Act of 1964, Executive Order 11063, and the Equal Credit Opportunity Act. Additionally, it appears that Plaintiffs request injunctive relief with regard to the foreclosure of their home. The Complaint sets forth the facts upon which these claims are based and Plaintiff has set forth the grounds upon which he claims his rights have been violated. This case does not appear to be so complex that Plaintiffs are unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Plaintiff's claims rest, the ability of Petitioner to present his claim, and the complexity of the legal issues involved in this case, *see Johnson v.*

*Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this time. Thus both of Plaintiffs' motions for appointment of counsel are denied.

### *Defendant's Motion to Dismiss*

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give a short and plain statement "plausibly suggesting . . . that the pleader is entitled to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 557 (2007). Under this standard, a claim is facially plausible where "the pleaded factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (internal citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). That said, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal alterations and citations omitted). Thus, application of this standard suggests a two-step analysis under which the Court may first determine (1)

whether there are factual allegations in the complaint sufficient to entitle the plaintiff to "the assumption of truth," and if so, (2) "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. 1937, 1950; *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must therefore take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555-56. The Court does not, however, accept as true any allegation that is a legal conclusion. *Iqbal*, 129 S.Ct. at 1949-50. The complaint must have "'a short and plain statement of the claim showing that the [plaintiff] is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2) and then *Conley v. Gibson*, 355 U.S. 41, 47 (1957), abrogated by *Twombly*, supra); see also *Gregory v. Dillard's Inc.*, 565 F.3d 464, 473 (8th Cir.) (en banc), cert. denied, 130 S.Ct. 628 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. If the claims are only

4

conceivable, not plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; accord *Iqbal*, 129 S.Ct. at 1950. In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Id.*; *Nusku v. Williams*, 490 U.S. 319, 327 (1989).

Based on the standard outlined above, Plaintiffs have pleaded enough factual content to allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1940. Plaintiffs, who are African American, allege that they were discriminated based on race, which resulted in their current foreclosure issue. They specifically allege that they were offered loan products less favorable than those offered to those of non-protected classes. Further, Plaintiffs allege that they are the victims of dual tracking, predatory lending, and that their signatures have been forged in the form of "robot signing." Additionally, Plaintiffs contend that they were discriminated on the basis of marital status against non-applicant spouses of borrowers when Bank of America encouraged them to sign away the ownership rights to their home. Taken

as true, Plaintiffs' claims are sufficient to raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555-56. As such, Defendant's Motion to Dismiss is denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Carol Williams's Motion to Appoint Counsel [ECF No. 4] and Plaintiff Earl Williams's Motion to Appoint Counsel [ECF No. 5] are both **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Bank of America's Motion to Dismiss Case [ECF No. 15] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion Pleading Elements for Relief" [ECF No. 19] will be construed as an Opposition to Defendant's Motion to Dismiss.

Dated this 15th day of March, 2013.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE